# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1882

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Mark Miles, | * | Appeal from the United States |
| | * | District Court for the |
| Appellant, | * | District of Minnesota. |
| | * | |
| Postal Credit Union; Greener | * | [UNPUBLISHED] |
| Pastures Development Corporation; | * | |
| Madelyn Miles; Minnesota | * | |
| Department of Economic Security; | * | |
| Minnesota Department of Revenue; | * | |
| Sharyn Miles, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: February 13, 2009
Filed:  February 20, 2009

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Mark Miles appeals the district court's[1] order requiring him to pay monthly installments of $2500 to the United States Treasury pursuant to Section 3204 of the Federal Debt Collection Procedure Act of 1990 (FDCPA), 28 U.S.C. §§ 3001-3308, to satisfy a judgment in favor of the United States for unpaid taxes. We affirm.

In January 2005, the government brought suit against Miles for taxes he failed to pay in 1994, 1996, and 1998. The government received a judgment in its favor; the total amount due from Miles was $160,238.07 as of September 7, 2007. After Miles failed to make any voluntary payments to satisfy the judgment, the government brought a motion for an installment payment order pursuant to the FDCPA, which authorizes a district court to order a judgment debtor to "make specified installment payments to the United States" when the government shows the debtor "is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment" or "is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. § 3204(a)(1) & (2).

The district court held an evidentiary hearing at which Miles, his accountant, and a fraud examiner from the Internal Revenue Service testified. The district court credited the fraud examiner's testimony, and discredited the testimony offered by Miles. Based upon its findings of fact, the district court concluded Miles had substantial earnings from self employment that could be used to satisfy the judgment, and that an installment payment order was reasonable.

A district court's factual findings under the FDCPA are reviewed for clear error, see United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 732 (8th Cir. 2001), while § 3204's discretionary language indicates we review the ultimate decision to

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

order a debtor to make installment payments for an abuse of discretion, <u>see</u> 28 U.S.C. 3204(a) ("[T]he court *may*, if appropriate, order that the judgment debtor make specified installment payments.") (emphasis added).

After reviewing the record in this case, and considering the parties' arguments on appeal, we find no clear error in the district court's factual findings, or abuse of discretion in its ultimate decision to order Miles to make monthly installment payments of $2500. We therefore affirm. <u>See</u> 8th Cir. R. 47B.

_____